IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| COASTAL OUTDOOR ADVERTISING GROUP, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF UNION, NEW JERSEY, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 3:07-cv-04351-FLW |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUGGESTION OF MOOTNESS AND MOTION TO CONVERT ITS REQUEST FOR INJUNCTIVE RELIEF INTO A MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Coastal Outdoor Advertising Group, L.L.C., having been informed that Defendant Township of Union, New Jersey has recently adopted a New Sign Ordinance in response to the constitutional deficiencies identified by Coastal, hereby responds to Defendant's Suggestion of Mootness. Coastal is certainly gratified that the Township has undertaken these code revisions. Rather than ignore the very substantial briefing on purely legal issues that has already been submitted by the parties, however, Plaintiff requests that the Court convert Plaintiff's request for injunctive relief into a motion for partial summary judgment. This will conserve the resources of the parties and the Court and expedite and

1

narrow the proceedings. A determination regarding the constitutionality of the Union Sign Ordinance as enforced against Coastal might even obviate the need for further litigation. Thus, the parties' exhaustive briefing should be converted to a motion for partial summary judgment and considered by the Court.

## PROCEDURAL HISTORY

On August 7, 2007, Coastal submitted two complete sign application packages to the Township. See Verified Complaint, ¶ 14 (Dkt. No. 1). The Township denied each of Coastal's applications based upon the Sign Ordinance. Id. at ¶ 15. The Township also informed Coastal that the denial could be appealed to the Board of Adjustment under Section 30-11.2(e) of the Code. Id. However, Coastal refrained from seeking an appeal because the appeals mechanism required exorbitant fees and allowed excessive delays. Id. at ¶ 16.

As a result of the Township's enforcement of the Sign Ordinance, Plaintiff filed its Complaint on September 6, 2007, challenging the constitutionality of the Sign Ordinance. See Verified Complaint. On September 24, 2007, Plaintiff filed its Motion for Preliminary Injunction and supporting documentation, seeking to have the Township enjoined from enforcing its unconstitutional Sign Ordinance. See Motion for Preliminary Injunction (Dkt. No. 2).

In accordance with this Court's Order dated November 26, 2007, the parties conducted telephone conferences in an effort to prepare a Joint Discovery Plan for

submission to the Court. During these discussions, Coastal was informed that the Township had adopted a New Sign Ordinance. Subsequently, Defendant filed with the Court a "Suggestion of Mootness" informing the Court that the Sign Ordinance relied upon by the Township to deny Coastal's applications has been repealed and asserting that any request for injunctive relief has been rendered moot. See Dkt. No. 19. Such an argument has no bearing, however, on the relevance of the legal and constitutional claims already briefed by the parties. This enormous effort should not be wasted but should be taken advantage of to greatly narrow and simplify this case. Indeed, Magistrate Judge Bongiovanni has already stayed discovery until the legal and constitutional issues pending before the Court on motion for injunction are decided. See Letter Order (Dkt. No. 21).

## ARGUMENT AND CITATION OF AUTHORITY

Under established case law, a plaintiff's request for injunctive relief against an ordinance is generally rendered moot by a municipality's subsequent passage of a new ordinance. E.g., Nextel West Corp. v. Unity Township, 282 F.3d 257, 262 (3d Cir. 2002); Black United Fund of N.J., Inc. v. Kean, 763 F.2d 156, 160-61 (3d Cir. 1985). Coastal is gratified that the Township has decided to rectify the constitutional deficiencies identified in the Verified Complaint. However, as Defendant concedes in its Suggestion of Mootness, it is clear that Coastal still has live claims against the Township. Plaintiff still has live claims in this matter

3

because damages and equitable relief have not been rendered moot by the Township's remedial action.  E.g., Phillips v. Borough of Keyport, 107 F.3d 164, 177 (3d Cir.1997) (en banc) (substitution of new adult bookstore ordinance did not moot the plaintiffs' § 1983 damages claim arising out of the application of the prior ordinance); also Khodara Envmt'l, Inc. v. Beckman, 237 F.3d 186, 196 (3d Cir. 2001); National Iranian Oil Co. v. Mapco Int'l, Inc., 983 F.2d 485, 489 (3d Cir.1992) ("A case is saved from mootness if a viable claim for damages exists").

This basic point – that you cannot moot a claim for past damage – has been pointedly recognized by the Supreme Court as well.  Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 608-09 (2001) ("for so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case").  Coastal's Verified Complaint contained repeated claims for damages and equitable relief.  See, e.g., Verified Complaint, ¶¶ 10, 46, 58.  Thus, any finding of mootness based on the New Sign Ordinance is precluded.

While injunctive relief is no longer necessary, a determination regarding the constitutionality of the Township's former Sign Ordinance is necessary in order to resolve Coastal's remaining claims.  Given that the parties have already exhaustively briefed the constitutional issues in their previous submissions to the Court, judicial economy would be served by converting the injunction motion into

4

a motion for partial summary judgment.  Doing so would at least narrow or obviate discovery and might even bring an end to the case.  It would save the parties the expense of having to "re-brief" these issues and will most likely narrow the issues in this case going forward for both the Court and the parties.

WHEREFORE, Coastal respectfully requests that the Court GRANT its Motion to Convert its Motion for Preliminary Injunction, which is currently pending before this Court, into a Motion for Partial Summary Judgment.

DATED this 6th day of February, 2008.

                              Respectfully submitted,

                   BY:   WEBB, KLASE & LEMOND, L.L.C.

                              s/ E. Adam Webb
                            E. Adam Webb
                              Federal Bar No. 90785693
                              Georgia Bar No. 743910

                            1900 The Exchange, S.E.
                            Suite 480
                            Atlanta, GA 30339
                            (770) 444-0773
                            (770) 444-0271 (fax)
                            Adam@WebbLLC.com

                            s/ Anthony Baiamonte, III
                            Anthony Baiamonte, III
                            General Counsel, Coastal Outdoor
                            141 Market Street
                            Kenilworth, NJ 07033
                            (908) 620-9799, ext. 116 (office)
                            (908) 620-9790 (fax)
                            abaiamonte@coastaloutdoor.com

                            Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2008, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will deliver a copy of the same upon counsel for Defendant listed below:

Peter Jost, Esq.
Attorney At Law
P.O. Box 5389
65 W. Main St.
Clinton, NJ 08809-1237
peterjostatty2@embarqmail.com

William D. Brinton, Esq.
Rogers & Towers, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
BBrinton@rtlaw.com

DATED this 6th day of February, 2008.

s/ Anthony Baiamonte, III
Anthony Baiamonte, III