# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                  :
COASTAL OUTDOOR ADVERTISING        :
GROUP, LLC,                        :
                                   :        Civil Action No.: 07-04351(FLW)
              Plaintiff,           :
                                   :             **Opinion**
       v.                          :
                                   :
TOWNSHIP OF UNION, NEW JERSEY,     :
                                   :
              Defendant.           :
_____ :

**WOLFSON**, **United States District Judge:**

Presently before the Court is a Motion for Partial Summary Judgment by Plaintiff, Coastal Outdoor Advertising Group, LLC ("Coastal") on its challenges to the constitutionality and application of an ordinance precluding the placement and erection of off-site signs. After Coastal brought this suit, Defendant, Township of Union, New Jersey ("Township"), amended the ordinance. Coastal does not challenge the new ordinance, but seeks damages (under 42 U.S.C. § 1983) and equitable relief (under state law) arising from the Township's application of the former allegedly unconstitutional ordinance.

Coastal claims that the former ordinance: (1) impermissibly favors commercial over noncommercial speech; (2) is impermissibly content-based; (3) lacks appropriate procedural safeguards; (4) fails to satisfy the constitutional requirements for restrictions on commercial speech; (5) is invalid under state law; and (6) contains an unconstitutional fee

1

structure.  In its Motion for Partial Summary Judgment, Coastal seeks judgment on its claims.[1]  The Township counters with its own Motion for Summary Judgment, arguing first, that Coastal lacks standing to bring its various challenges, and second, that the ordinance is constitutional.[2]

For the following reasons, the Court finds that Coastal lacks standing to bring its First Amendment, Equal Protection, and Procedural Due Process claims because it fails to demonstrate redressability.  As to Coastal's Fee Structure claim, Coastal has failed to address the merits of that claim in its opposition brief.  See Harrington v. All American Plazas, Inc., 2009 WL 2992538, * 5 (D.N.J. 2009) (granting summary judgment for defendant where plaintiff failed to respond in its opposition brief with an argument adequately articulating the factual and legal basis in support of its position); California Natural, Inc. v. Nestle Holdings, Inc., 631 F.Supp. 465, 470 (D.N.J. 1986) ("If a party fails to respond in the required manner, the court may, if appropriate, enter summary judgment

---

[1]     Coastal's motion is for partial summary judgment only in the sense that it does not seek judgment regarding the types and amounts of its claimed damages.  Its motion does seek judgment on the merits of each of its claims, with the exception of its fee structure claim which is not briefed.  See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment ("Pl. Open. Br.") at 1 ("[J]udgment should be entered in favor of Coastal on the narrow issue of the validity of the former Union Sign Ordinance. A trial as to damages and other remedies should then be scheduled.").

[2]     The Township incorporates by reference several of the arguments it advanced in its opposition to Coastal's Motion for a Preliminary Injunction and Temporary Restraining Order.  For completeness, the Court shall address throughout this opinion the arguments raised by both parties in the previous motions, citing to the relevant documents where applicable.

against it.").[3]  Accordingly, summary judgment is granted to Defendant on all counts.

## I.   Factual Background

As is required on a motion for summary judgment, this court will view the facts in the light most favorable to the non-moving party, relying upon only those facts that are undisputed.[4]  Coastal is in the business of posting and operating signs to be used for the dissemination of both commercial and noncommercial speech.  Plaintiff's Statement of Material Facts ("Pl. SOMF") at ¶ 1.[5]  Coastal owns multiple advertising signs throughout New Jersey that display advertising for businesses, organizations and individuals. Plaintiff's Verified Complaint ("Ver. Compl.") at ¶ 10.  By way of a lease, Coastal arranged with the owners of two parcels of real property in the Township to place signs on their properties, which are adjacent to Interstate 79, a multi-lane federal interstate highway that runs through the Township.  The State of New Jersey issued outdoor advertising permits for each location.  Id. ¶ 13.

The Township claims that, on or shortly before August 1, 2007, a representative of

---

[3]      See also Delaware, L. & W. R. Co. v. Kingsley, 189 F.Supp. 39 (D.N.J. 1960) ("This contention was neither briefed nor argued.  It will, therefore, be assumed to be abandoned.").

[4]      Since both parties have moved for summary judgment on the same jurisdictional and substantive issues, the dictate to view the facts in the light most favorable to the non-moving party is not straightforward.

[5]      In its Brief, the Township provides a rather exhaustive account of Coastal's operations and litigation strategy.  While perhaps revealing of the cottage industry of litigation over billboards, Coastal's motivation in bringing the present suit is largely irrelevant to the disposition of the present motions.  It is for this Court to decide based on the facts and allegations of the present case only whether Coastal has standing to sustain a constitutional challenge to the Township's now-superceded ordinance.

Coastal contacted the Township's zoning office to confirm that the Township does not allow billboards advertising goods or services other than those provided at the site of the sign, and this representative further indicated that Coastal intended to challenge any such prohibition.  Statement of Material Fact in Support re Motion for Summary Judgment ("Def. SOMF") at ¶ 211-12; Plaintiff's Response to Defendant's Statement of Undisputed Material Facts ("Pl. Resp. to Def. SOMF") at ¶ 211-12 ("Admitted").  Shortly thereafter, on August 6, 2007, Coastal submitted two sign application packages to the Township.  Ver. Compl. at ¶ 14.  The Township denied each application on the same day, faxing a copy of the denials to Coastal's counsel.  Def. SOMF at ¶ 215; Pl. Resp. to Def. SOMF at ¶ 215.

Coastal's applications revealed that its proposed signs would be 95-feet in height and would have 1000-square feet in size per sign face, each sign being double-sided.  See Union Township Zoning Board Applications for Permit dated 8/6/07 ("Billboard Applications"), Plaintiff's Appendix to Motion for Temporary Restraining Order ("TRO Appx."), Exhibit B.  The Billboard Applications identified each sign as an "off-site general advertising sign."  Id.  In the written denial statements provided to Coastal, the Township cited section "30-8.2 et seq." as the basis for the denial, noting simply that "Proposed sign not permitted in Township."  See id.  Former Township Code 30-8.2a provided that "[o]nly signs which promote or draw attention to a product, article of business, or service offered, sold, or rendered at or in the place or premises where such sign is located shall be permitted in the municipality."  In other words, off-site signs were not permitted.  Other subsections in former 30-8.2 addressed setback, height, number, size, and spacing

restrictions.[6]   Other sections within the ordinance, apart from 30-8.2, contain similar restrictions.[7]   Coastal contends that the former ordinance is unconstitutional and violates New Jersey state law.

Coastal also challenges the procedural framework of the former ordinance. The Township's denial letters informed Coastal that it could appeal the initial decision to the Board of Adjustment pursuant to Section 30-11.2(e) of the ordinance. See Pl. Open. Br. at 16.   Even though the Township promptly considered, and rejected, Coastal's sign applications, the ordinance does not specify a time period within which the Township must respond to a sign application. Thus, the permitting process is potentially of unlimited duration; no provision of the ordinance prevents the Township from indefinitely considering a sign application.   While N.J.S.A. § 40:55D-73 requires that decisions by boards of adjustment be rendered not later than 120 days after an appeal is filed, if the Township never responds, the applicant cannot appeal.[8]   Such a framework has the effect of chilling

---

[6]      Former Township Code 30-8.2i provided that "[a]ll signs must be contained within the building height restriction of the zoning district."   Section 8.2g provided for "a minimum distance of twenty (20) feet between any side property line and sign erected under the provisions of this section."   Under former section 8.2j, only one sign for which a permit is required may be erected on any one premises.

[7]      Subsections 8.5.a.5(a), (c), (d) of the former ordinance provided for similar restrictions within specified zoning districts.   These restrictions, along with those found in 30-8.2 will hereafter be referred to as "size and height limitations" or "size and height restrictions."

[8]      40:55D-73 provides:

> a. The board of adjustment shall render a decision not later than 120 days after the date (1) an appeal is taken from the decision of an administrative officer or (2) the submission of a complete application for development to the board of adjustment pursuant

an applicant's speech.

In connection with each claim, Coastal asserts that it is entitled to recover damages resulting from The Township's enforcement of the unconstitutional ordinance under 42 U.S.C. § 1983. Coastal contends that The Township is liable for enforcing the unconstitutional ordinance, and that Coastal is entitled to compensatory damages for the "substantial financial damage" caused by the rejection of its sign applications. <u>See</u> Pl. SOMF at ¶ 16. According to Coastal, damages include its inability to "disseminate commercial and noncommercial messages to the Township's residents and visitors" on its own behalf and on behalf of third-parties that would advertise through Coastal. Ver. Compl. at ¶¶ 16-17. The Township argues, in response, that Coastal suffered no damages because its leases were conditional in that, <u>inter alia</u>, they were contingent upon the Township approving the signs. <u>See</u> Defendant's Rule 56.1 Counterstatement in Opposition to Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment ("Def. Resp. to Pl. SOMF") at ¶ 16. Apart from compensatory damages, Coastal argues, it is at least entitled to a nominal damages award. <u>See</u> Pl. Open. Br. at 37-8.

---

to section 59b. of this act.

b. Failure of the board to render a decision within such 120-day period or within such further time as may be consented to by the applicant, shall constitute a decision favorable to the applicant.

<u>Id.</u> This provision was enacted "for the very purpose of preventing an applicant for a variance from being exposed to unnecessarily protracted proceedings before a zoning board of adjustment ...." <u>Kryscnski v. Shenkin</u>, 53 N.J.Super. 590, 597 (App. Div. 1959).

The Township further argues that Coastal lacks standing to bring any of its challenges.  According to The Township, Coastal cannot fulfill the Article III standing requirements of injury-in-fact and redressability.  <u>See</u> Def. Open. Br. at 24, 30.  That is, Coastal cannot demonstrate that a ruling declaring the former ordinance unconstitutional would redress any harm incurred from application of the ordinance.  In addition, the Township argues that Coastal's constitutional and state law challenges fail as a matter of law.

## II.    Procedural History

On September 6, 2007, Coastal filed its Complaint against The Township, and on September 24, 2007, Coastal filed a motion for a temporary restraining order and/or preliminary injunction against the Township to prevent the enforcement of the ordinance. Before the disposition of the motion, the Township enacted a new ordinance that supplanted the one at issue in this case.  The new ordinance, also codified at Chapter 30-8, went into effect on December 1, 2007, and maintained the same height, size, setback, and location restrictions as its predecessor.  The new ordinance no longer included a general off-site ban, but added a ban on all billboards.[9]

---

[9]    The new ordinance provides:

> The following signs and sign-types are prohibited within the Township and shall not be erected ....
>
> a.    Billboards ....

Code 30-8.5a.  As for the height, size, setback, and location restrictions, section 30-8.5p is one example.  It prohibits "[a]ny freestanding sign that is higher than fourteen (14') feet."

Coastal has not challenged the new ordinance.  Thus, on January 1, 2008, the Township filed a Suggestion of Mootness with respect to Coastal's request for a preliminary injunction and temporary restraining order.  On February 28, 2008, this Court entered an Order dismissing as moot Coastal's request for a preliminary injunction and temporary restraining order.  On May 22, 2009, Coastal filed the present Motion for Partial Summary Judgment.  That same day, the Township followed suit with its own Motion for Summary Judgment on the grounds that Coastal lacked standing to pursue its claims, or alternatively, that the ordinance was constitutional.  For the reasons that follow, the Township's Motion for Summary Judgment is granted.

## III.   Standard of Review

### A.   Jurisdictional Challenges

Defendant's challenge to this Court's jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1) permits a party to bring a motion to dismiss for want of standing.  See Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007); St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands, 218 F.3d 232, 240 (3d Cir.2000) ("The issue of standing is jurisdictional.").  In ruling on such a motion at the pleading stage, the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. See Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003).

Once the proceeding has reached the summary judgment stage, however, the plaintiff "bears the burden of establishing the elements of standing, and each element must

be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Thus, Coastal must demonstrate jurisdiction in accordance with the summary judgment standard discussed below.[10]

### B.   Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56(c). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

---

[10]      While there is dispute amongst various courts as to whether it is proper to bring jurisdictional challenges per a summary judgment motion, see 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (3d ed. 2009), courts in the Third Circuit permit this practice. See e.g., Berger v. Weinstein, 2009 WL 3236058, *1-2 (3d Cir. 2009) (affirming district court's grant of summary judgment for lack of jurisdiction); Option One Mortg. Corp. v. Fitzgerald, —  F.Supp.2d —, 2009 WL 3380679, *5 (M.D.Pa. 2009).

(1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Kaucher, 455 F.3d at 423. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A non-moving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Moreover, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

## IV. Jurisdiction

As a preliminary matter, this Court must consider whether it has jurisdiction to hear Plaintiff's Complaint.  Pursuant to Article III of the Constitution, federal courts "enforce the case-or-controversy requirement through the several justiciability doctrines that cluster about Article III."  Allen v. Wright, 468 U.S. 737, 750 (1984) (quoting Vander Jagt v. O'Neill, 699 F.2d 1166, 1178-79 (D.C.Cir. 1982) (Bork, J., concurring)).  The justiciability doctrines include "standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions."  See Toll Brothers, Inc.v. Township of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006); Erwin Chemerinsky, Federal Jurisdiction § 2.1 (5th ed. 2007)).  Having conceded the mootness of its injunctive relief claims, Coastal now proceeds on its damages claim against the Township under 42 U.S.C. § 1983.[11]  Coastal, specifically, seeks

---

[11]    In prior briefing, Coastal abandoned its injunctive relief request (Count Five of the Verified Complaint), conceding its mootness.  See Plaintiff's Response to Defendant's Suggestion of Mootness and Motion to Convert its Request for Injunctive Relief into a Motion for Partial Summary Judgment at 3.  The court is aware that "repeal of . . . objectionable language would not preclude a city from reenacting precisely the same provision ...." Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, 508 U.S. 656, 662 (1993), and a challenge to an amended law is not moot if the new law replacing it is substantially similar.  See also Nextel West Corp. v. Unity Twp., 282 F.3d 257, 262-63 (3d Cir. 2002).  Nonetheless, Coastal has chosen of its own accord not to pursue its injunctive relief claims.

Coastal's claims for damages are clearly not moot under Third Circuit law. See Khodara Environ., Inc. v. Beckman, 237 F.3d 186, 196 (3d. Cir. 2001) (holding that a "claim for damages for the past application of the original statute invests it with a continuing, concrete stake in the outcome of this litigation that has not been redressed by the passage of the recent Amendment") quoted in Nextel West Corp. v. Unity Twp., 282 F.3d 257, 263 (3d. Cir. 2002).

compensatory damages for the alleged First Amendment (Count One), Equal Protection (Count Two), and Fee Mechanism (Count Four) violations, and at least nominal damages for the alleged Procedural Due Process (Count Two) violation.[12]  As noted, Coastal has failed to adequately challenge summary judgment on the Fee Structure Claim, hence, standing to raise such a claim need not be addressed.[13]

"Perhaps the most important of [the justiciability] doctrines is standing."  <u>Toll Brothers</u>, 555 F.3d at 137 (quoting  <u>Allen</u>, 468 U.S. at 750) (internal quotation marks omitted).  <u>See</u> <u>also</u> <u>Pennsylvania Prison Soc. v. Cortes</u>, 508 F.3d 156, 158 (3d Cir. 2007) ("The rules of standing . . . are threshold determinants of the propriety of judicial intervention.") (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 517-18 (1975)).  To satisfy this requirement, a plaintiff must demonstrate that (a) he has suffered "injury in fact," (b) the injury is "fairly traceable" to the actions of the defendant, and (c) the injury will likely be redressed by a favorable decision.  <u>Svc. Employ. v. Municipality of Mt. Lebanon</u>, 446 F.3d 419, 422 (3d Cir. 2006).

---

[12]     Coastal asserts that its "equitable relief" claim is, also, not moot.  The only claim for equitable relief asserted in Coastal's complaint is made pursuant to its state law claim.  <u>See</u> Ver. Compl. at ¶ 52 (petitioning the Court to "declare the sign restrictions valid in their entirety" and order the Township to "permit Plaintiff Coastal to erect the requested signs").  Because, for reasons stated herein, the Court declines to exercise supplemental jurisdiction over Coastal's state law claims, the Court need not address whether Coastal's claim for equitable relief is rendered moot by the amended ordinance.

[13]     In light of this Court's grant of summary judgment to the Defendant, for the reasons that follow, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  Hence, standing to raise the state law claims is not addressed here.

For the following reasons, I conclude that Coastal has not satisfied these requirements for its First Amendment, Equal Protection, and Procedural Due Process claims. Generally, courts must separately address a plaintiff's standing to raise each claim asserted in its complaint. See id. at 422 (citing Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116-19 (11th Cir. 2003)). Where claims, however, challenge the same conduct and allege the same injuries, a claim-by-claim discussion is unnecessary. Toll Brothers, 555 F.3d at 139 n.5. Plaintiffs' First Amendment and Equal Protection claims challenge the same conduct (the allegedly unconstitutional denial of the billboard applications) and will be treated together. Plaintiff's Procedural Due Process claim alleges a different sort of harm and will, therefore, be treated separately.

## A.    First Amendment and Equal Protection Claims

Coastal brings both facial and as-applied First Amendment challenges to the former ordinance, along with similar challenges under the Equal Protection Clause. Whether as-applied or facial in character—a point of great dispute between the parties—Coastal must demonstrate Article III standing to challenge the former ordinance. See Svc. Employ, 446 F.3d at 424 ("[The first amendment overbreadth] doctrine effectively allows a party to challenge separate and hypothetical applications of a regulation only when an otherwise valid application of that same regulation causes the party injury-in-fact."). This means that Coastal must demonstrate that the denial of its billboard applications resulted in an injury-in-fact, fairly traceable to the Township's denial, and likely to be redressed by a favorable decision by this Court.

13

### 1.    Injury

The Third Circuit has held that the injury-in-fact requirement is often determinative of whether a plaintiff has standing to sue.  Toll Brothers, 555 F.3d at 139.  Injury, in the standing context, must be sufficiently "distinct and palpable" to distinguish the plaintiff from "the generalized and undifferentiated interest every citizen has in good government." Id. (citations omitted).  "The need to insist upon meaningful limitations on what constitutes injury for standing purposes ... flows from an appreciation of the key role that injury plays ... in a limited and separated government."  Id. (quoting John G. Roberts, Jr., Article III Limits on Statutory Standing, 42 Duke L.J. 1219, 1224 (1993)).

Coastal contends that rejection of the billboard applications has caused it "substantial financial damage," including its inability to "disseminate commercial and noncommercial messages to the Township's residents and visitors" on behalf of itself and "those who would advertise on its signs."  Ver. Compl. at ¶¶ 16-17.  Billboard locations in the Township, Coastal alleges, "will be extremely effective at directing motorists to local businesses and organizations and informing them about important issues and events."  Id. at ¶ 11.  Coastal had procured twenty-year leases, conditioned upon, *inter alia*, the Township's approval of its billboard applications, that afforded it access to locations upon which it could have erected its two off-site signs.  See Def. Appx. in Supp. of Mot. for Summ. Jdmt. ("Def. Appx.") # 25 at ¶ 3 ("The Premises is leased . . . for a term of Twenty (20) years . . . commencing the earlier of ninety (90) days after the date of procurement of all necessary permits ....").

As an initial matter, I reject the Township's argument that the conditional nature of the leases undermines Coastal's ability to demonstrate injury-in-fact. The Third Circuit expressly rejected a similar argument in Toll Brothers, 555 F.3d at 139-40. As explained in Toll Brothers, the Supreme Court has held that a developer that procured a conditional lease, and that had expended funds on plans for the project it intended to complete, suffered an injury-in-fact. Id. at 140 (discussing Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977)). The developer in Arlington Heights entered into a 99-year lease-purchase agreement with a local landowner. The lease began immediately, but its continuation, along with the developer's right to purchase, was contingent upon the developer convincing the local zoning board to re-zone the property to permit construction of an apartment building. The zoning board refused to re-zone the property and the developer brought suit challenging the board's decision on equal protection grounds.

The Supreme Court, in addressing the developer's standing, ruled that the developer sufficiently alleged injury-in-fact:

> [I]t is inaccurate to say that MHDC suffers no economic injury from a refusal to rezone, despite the contingency provisions in its contract. MHDC has expended thousands of dollars on the plans for Lincoln Green and on the studies submitted to the Village in support of the petition for rezoning. Unless rezoning is granted, many of these plans and studies will be worthless even if MHDC finds another site at an equally attractive price.

Id. at 262. Moreover, that the developer would still be required to "secure financing, qualify for federal subsidies, and carry through with construction," did not trouble the Court. Id.

at 261.  Because the developer had a "detailed, specific plan," the Court was "not required to engage in undue speculation as a predicate for finding that the plaintiff ha[d] the requisite personal stake in the controversy."  Id.

Applying Arlington Heights to its facts, the Toll Brothers Court concluded that the plaintiff developer demonstrated injury-in-fact.  Like the developer in Arlington Heights, Toll Brothers had an interest in land, *i.e.,* an option contract, it procured in pursuit of its development plans.  At the time Toll Brothers purchased the land, it was zoned in a manner amenable to its development plans.  When the township rezoned the land after Toll Brothers procured its option, it rendered the land unsuitable for development.  Toll Brothers, 555 F.3d at 142.  The Third Circuit held that Toll Brothers' inability to develop the land and the decrease in value of its option contracts constituted injury-in-fact.  Id. Further, the lost opportunity to develop a specific tract of land, for which Toll Brothers had an option to purchase, also constituted a cognizable injury.  That Toll Brothers possessed an option to purchase was significant because the holder of an option is entitled to apply for zoning variances under New Jersey law.  Id.

I find Coastal's property interest sufficiently similar to that in Arlington Heights to warrant the same result here.  The developers in Arlington Heights held a 99-year lease-purchase agreement.  Coastal's 20-year lease is the sort of long-term lease present in Arlington Heights.  Moreover, under New Jersey law, a long-term lessee has standing to apply for zoning variances and approvals, see generally Cantor v. Saputelli, 121 F.Supp.2d 786 (D.N.J. 2000) (interpreting and explaining New Jersey law regarding lessee's rights to

apply for subdivision approval), just as did the developer in <u>Arlington Heights</u>. The Township has not suggested otherwise—that Coastal, as a lessee of the proposed off-site sign locations, lacked standing to file the applications.

Moreover, Coastal has alleged that "it expended substantial time and effort investigating potential sign locations in the Township," Ver. Compl. at ¶ 11. It entered into a professional service agreement with a site planner to aid in preparing its applications for New Jersey Department of Transportation Notice of Approval Letters. <u>See</u> Def. SOMF at ¶¶ 140-42; Pl. Resp. to Def. SOMF at ¶¶ 140-42 ("Admitted").[14] The Notices of Approval were conditioned upon Coastal's billboard applications being approved by the Township. <u>See</u> <u>e.g.</u>, Notice of Approval from Department of Transportation dated Feb. 17, 2005, Def. Appx., #32d at 12 ("[T]his permit for a new outdoor advertising sign shall be a conditional permit .... To have this restriction removed from the permit you must submit documentation to this office that . . . all relevant approvals required by the municipality have been received."). This expenditure of funds in connection with a permit application is similar to that expended by the plaintiff in <u>Toll Brothers</u>. Furthermore, as in <u>Toll Brothers</u>, the value of its leasehold agreements, conditional though they were, must have decreased,

---

[14]    To be clear, the NJDOT approval letters and initial expenditures described here were in the name of Coastal-Inc., which then transferred its assets and existing permits to Plaintiff. <u>See</u> Def. SOMF at ¶¶ 177-81; Pl. Resp. to Def. SOMF at ¶¶ 177-81 ("Admitted") . That the New Jersey Department of Transportation ("NJDOT") letters were initially issued to Plaintiff's predecessor does not affect the standing analysis because, at the time of its billboard applications and at the time this suit was brought, Plaintiff was the holder of the leases and NJDOT letters.

once the applications were denied.  The monies Coastal expended in securing those leases could not be recouped.

Accordingly, I consider Coastal's leasehold interest, in conjunction with the expenses incurred by Coastal in pursuing its billboard erection plans, similar to the type of injuries found cognizable in Toll Brothers and Arlington Heights.  As with the property interests in those cases, the conditional nature of Coastal's lease does not undermine its standing to challenge denial of the billboard applications on constitutional grounds.  For these reasons, I conclude that Coastal has sufficiently demonstrated injury-in-fact.

### 2.   Traceability

The second element of Article III standing is one of causation.  "If the injury-in-fact prong focuses on *whether* the plaintiff suffered harm, then the traceability prong focuses on *who* inflicted that harm."  Toll Brothers, 555 F.3d at 142 (emphasis in original).  The key question is whether "the defendant's challenged actions, and not the actions of some third party, caused the plaintiff's injury."  Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  Moreover, "[the] causal connection need not be as close as the proximate causation needed to succeed on the merits of a tort claim."  Id. (citing Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals Inc., 913 F.2d 64, 72 (3d Cir. 1990)).  Coastal challenges the constitutionality of the ordinance upon which the Township Zoning Officer relied in denying its billboard applications.  In Toll Brothers, it was the re-zoning that "directly caused Toll Brothers' inability to move forward with its development plans, and it directly impacted the value of Toll Brothers' option."  Id. at 142.  Here, it is the

18

Township's application of the former ordinance that directly caused Coastal's inability to move forward with its plans, and directly impacted the value of Coastal's leasehold interests. "No action of a third party is a more immediate cause of these harms." Id. Accordingly, Coastal satisfies the traceability element.

### 3.    Redressability

Whether the third element–redressability–is met here is a source of great contention between the parties.  Redressability is closely related to traceability, "as two sides of a causation coin." Toll Brothers, 555 F.3d at 142 (quoting Dynalantic Corp. v. Dep't of Def., 115 F.3d 1012, 1017 (D.C. Cir. 1997)).  Whether a "favorable decision [will] alleviate the harm" is the essence of the redressability inquiry.  Id. (citing Lujan, 504 U.S. at 560-61).  As long as a plaintiff establishes a "substantial likelihood that the requested relief will remedy the alleged injury in fact," the plaintiff's claim may proceed.  Id.  (citations omitted).  In the zoning context, a plaintiff's injury is redressable where "invalidation of the challenged ordinance ... would tangibly improve the chances of construction."  Id. (citing Huntington Branch, N.A.A.C.P. v. Town of Huntington, N.Y., 689 F.2d 391, 395 (2d. Cir. 1982)).

A recent District of New Jersey decision involving a challenge to a billboard ban held that there was no substantial likelihood that the plaintiff billboard company would be able to construct its billboard even if the challenged billboard ban was struck down.  See Coastal Outdoor Advert. Gp., LLC v. Twp. of East Hanover, 630 F.Supp.2d 446, 454 (D.N.J. 2009). East Hanover reasoned that the size and height restriction of the former ordinance at issue in that case would have "independently blocked the billboard, making it substantially

19

unlikely the billboard could have even been constructed." Id. Because these size and height restrictions were unchallenged by the plaintiff, the court found that it could not satisfy that court's redressability concerns.[15] Id. at 452.

I agree with East Hanover that a plaintiff must demonstrate substantial likelihood by showing that it would have otherwise been entitled to approval of the billboard applications. To grant a plaintiff standing on any less of a showing would result in a pyrrhic victory. Since Coastal failed to challenged the size and height restrictions, Coastal could not ultimately prove any compensatory damages caused by the deprivation of a constitutional right. Cf. American Marine Rail NJ, LLC v. City of Bayonne, 289 F.Supp.2d 569, 589 (D.N.J. 2003) (denying compensatory damages for lack of proof of causation where plaintiff bidder failed to demonstrate that it would have been awarded bid by municipality).

In short, I find East Hanover's redressability reasoning persuasive, as it is appropriately guided by Toll Brothers, and it is supported by the decisions of several other circuits. See e.g. Covenant Media of Ga., LLC v. City of Lawrenceville, 580 F.Supp.2d 1313,

---

[15]    The East Hanover Court further concluded that the plaintiff *could* not challenge the ordinance's size and height restrictions for a lack of causation. Because the township relied solely on the billboard ban provision, the court reasoned, the plaintiff did not have standing to challenge any other provisions in the ordinance, including the size and height restrictions.

Neither party here has suggested that Coastal could not challenge the size and height restrictions for lack of causation. Furthermore, Toll Brothers describes the causation inquiry as whether the alleged injury was by the township or a third party (see *supra* at IV.A.2)—not what specific subsection of the ordinance was actually applied by the Township. See Toll Brothers, 555 F.3d at 142. Thus, I find that the causation prong would not preclude Coastal from challenging the ordinance's size and height restrictions. Coastal *chose* not to challenge those restrictions; hence my redressability analysis relies upon Coastal's decision not to challenge the size and height restrictions. See footnote 16, infra.

1314 (N.D.Ga. 2008) (finding lack of redressability where plaintiff did "not mount a federal constitutional challenge to the height, size, location, and certification provisions of the City's sign ordinance"); <u>Harp Advert. Ill., Inc. v. Vill. of Chicago Ridge</u>, 9 F.3d 1290, 1292 (7th Cir. 1993) (finding lack of redressability where plaintiff billboard company did not challenged size and height restrictions). Like the plaintiffs in these cases, Coastal has failed to challenge the size and height restrictions in the former ordinance that clearly bar its sign applications.[16] Thus, it cannot demonstrate redressability and it does not have standing to bring its First Amendment and Equal Protection claims.

### 4. Overbreadth Challenge

For the sake of clarity, I briefly address Plaintiff's purported "overbreadth" challenge. There is disagreement between the parties as to whether Coastal has properly

---

[16]      I directed the parties to address the <u>East Hanover</u> decision in supplemental letter briefing. In its letter brief, Coastal argues that it challenged the size and height restrictions by asserting that the entire ordinance is unconstitutional. Coastal's challenge to the entire ordinance, it says, is based on its challenge to the ordinance's governmental interest. Coastal, however, made no attempt in any of its briefing to properly analyze the size and height restrictions under the appropriate content-neutral tests espoused by the Supreme Court and the Third Circuit. <u>See</u> <u>e.g.</u>, <u>City of Ladue v. Gilleo</u>, 512 U.S. 43 (1994) (discussing constitutionality of time, place, and manner sign restrictions); <u>Riel v. City of Bradford</u>, 485 F.3d 736, 751 (3d Cir. 2007) (same). Accordingly, I do not consider Plaintiff to have challenged the size and height restrictions. It is not this Court's job to make legal arguments on behalf of the Plaintiff, particularly at the summary judgment stage. <u>Cf.</u> <u>Globespanvirata, Inc. v. Texas Instruments, Inc.</u>, 2005 WL 3077915 (D.N.J. 2005) ("Based on Defendants' failure to present adequate infringement arguments for the majority of the claim limitations in this patent, the Court will only address the disputed issues before the Court that are clearly discernable from the parties' briefs.") (citations omitted). <u>See</u> <u>also</u> <u>Roma Outdoor Creations, Inc. v. City of Cumming, Georgia</u>, 599 F.Supp.2d. 1332, 1336, 1342 (N.D. Ga. 2009) ("Plaintiff's blanket challenge to the Ordinance does not allow it to argue that it has specifically challenged the height and separation requirements.").

brought a facial challenge to the ordinance under the First Amendment overbreadth doctrine. I need not foray into the contours of the overbreadth doctrine, nor explain how Coastal might have asserted such a challenge here. I simply reiterate that a party raising an overbreadth challenge is subject to the same standing requirements discussed above; thus, Coastal does not have standing to bring such a claim here. See Svc. Employ, 446 F.3d at 424 ("[The overbreadth] doctrine effectively allows a party to challenge separate and hypothetical applications of a regulation only when an otherwise valid application of that same regulation causes the party injury-in-fact."); Storino, 322 F.3d at 299 ("The Court has recognized a limited right of litigants to bring actions on behalf of third parties only when the following three criteria are met: (1) *the litigant has suffered an injury in fact* giving him a sufficiently concrete interest in the outcome of the issue; (2) the litigant has a close relation to the third party; and (3) there exists some hindrance to the third party's ability to protect his own interests. ") (emphasis added).

**B.      Procedural Due Process Claim**

Procedural due process claims differ from First Amendment and Equal Protection claims in that a plaintiff need not prove that it incurred actual injury to be awarded nominal damages. See Carey v. Phillips, 435 U.S. 247 (1978). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such interest without due process of law." Burns v. PA Dept. of Correction, 544 F.3d 279, 283-84 (3d Cir. 2008) (quoting Zinerman v. Burch, 494 U.S. 113, 125 (1990)).

22

For this reason, "a procedural due process violation is complete at the moment an individual is deprived of a liberty or property interest without being afforded the requisite process." Id. at 284.  Nonetheless, a party bringing a procedural due process challenge must still demonstrate the jurisdictional requirement of injury-in-fact.  See Covenant Media of SC, LLC v. City of North Charleston, 493 F.3d 421, 428-9 (4th Cir. 2007) (engaging in standing analysis for procedural due process claim).

As to whether a party may bring a facial or an as-applied challenge, under Third Circuit law, "[i]t is well settled in the procedural due process context that a party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." United States v. Palma, 760 F.2d 475, 477 (3d Cir. 1985). Cf. United States v. Woods, 915 F.2d 854, 862 (3d Cir. 1990) ("[O]utside of the First Amendment context, a party has standing to raise a vagueness challenge only if the challenged statute is vague as to that party's conduct.") (citations omitted).  Thus, a court "need not hypothesize" whether the statute as applied to a different plaintiff under a different set of facts would be unconstitutional. Palma, 760 F.2d at 477.

By way of illustration, consider the Third Circuit's decision in United States v. Palma.  The criminal defendant in Palma challenged the constitutionality of the restitution provisions of the Victim and Witness Protection Act of 1982 (the "VWPA"). Id. at 476.  After he pled guilty to embezzling over a million dollars, the judge imposed a restitution condition on his parole at his sentencing hearing. Id. at 477.  The defendant argued that the procedures for ordering restitution were facially invalid because they did not provide for

a meaningful opportunity for a defendant to challenge a victim's claim for restitution.  A criminal defendant would be "chilled" from raising such a challenge at his sentencing hearing, the Defendant argued, out of fear that such an objection would adversely affect his chance of receiving a lenient sentence.  Rejecting his facial challenge, the Court held that it must "limit [its] inquiry into the constitutionality of the VWPA *as applied* to the particular facts of this case."  Id. (emphasis added).  The Court went on to conclude that the defendant could not succeed on an as-applied claim because he "was afforded, and indeed took advantage of, the opportunity to present witnesses in support of his factual claims."  Id.  Moreover, he "[did] not contend that this opportunity to be heard was in any way inadequate."  Id.

Under Palma, this Court must limit its procedural due process inquiry to the constitutionality of the lack of time limits in the former ordinance *as applied* to Coastal.  In that context, Coastal may not facially challenge the lack of a time limit, arguing that it chills the speech of third parties not before the Court.  What is before this Court is whether the lack of a time limit resulted in a denial of procedural due process to Coastal.  Coastal is hard-pressed to so argue, since it received a same-day turn-around decision of its sign applications, *albeit* they were denials.  Like the defendant in Palma, Coastal cannot contend that its opportunity to be heard was in any way inadequate.  See Burns, 544 F.3d at 284 ("[A] procedural due process violation is complete at the moment an individual is deprived of a liberty or property interest *without being afforded the requisite process*.") (emphasis added).  Cf. Ellis v. U.S. Dept. of Housing and Urban Develop., 551 F.2d 13, 16

(3d Cir. 1977) (holding that plaintiff tenants demonstrated injury-in-fact where their rents were raised without a hearing).

The Fourth Circuit's decision in <u>Covenant Media of SC, LLC v. City of North Charleston</u>, 493 F.3d 421, 428 (4th Cir. 2007), holding that a billboard company had standing to bring a procedural due process challenge, is distinguishable.  In that case, the local government delayed over 300 days in responding to the plaintiff's billboard applications.  This "untimely consideration" of plaintiff's application constituted an injury-in-fact.  <u>Id.</u> at 429.  Coastal, by contrast, has not pointed to any untimely consideration of its applications and, therefore, has failed to demonstrate injury-in-fact.  Accordingly, Coastal does not have standing to bring its procedural due process claim.

## IV.    Supplemental Jurisdiction

The remaining allegations in the Complaint are based on New Jersey state law.  <u>See</u> Verif. Compl., Count Three, ¶¶ 47-51.  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over a related state law claim when "it has dismissed all claims over which it has original jurisdiction."  In addition, the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As Plaintiff has not asserted any basis for the exercise of diversity jurisdiction, the Court will dismiss Plaintiff's remaining state law claims.

**V.      Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Partial Motion for Summary Judgment is DENIED.


Dated: December 29, 2009                                    /s/ Freda L. Wolfson
                                                            Freda L. Wolfson, U.S.D.J.